UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:21-CV-80728-DMM

SOUTH SPANISH TRAIL, LLC, a Florida
limited liability company,

      Plaintiff,

v.

GLOBENET CABOS SUBMARINOS
AMERICA INC., a Delaware for-profit
corporation; CARIBBEAN CROSSINGS,
LTD., INC.; and JOHN DOES 1-100,

      Defendants.
_____/
GLOBENET CABOS SUBMARINOS
AMERICA INC., a Delaware for-profit
Corporation,

      Counter-Plaintiff,

v.

SOUTH SPANISH TRAIL, LLC, a Florida
limited liability company, and BOARD OF
TRUSTEES OF THE INTERNAL
IMPROVEMENT TRUST FUND OF THE
STATE OF FLORIDA,

      Counter/Third-Party Defendants.
_____/
SOUTH SPANISH TRAIL, LLC,

      Cross-Plaintiff,

v.

BOARD OF TRUSTEES OF THE
INTERNAL IMPROVEMENT TRUST FUND
OF THE STATE OF FLORIDA, UNITED
STATES OF AMERICA,

      Cross-Defendants.
_____/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LACK OF AGREEMENT WITH/AUTHORITY FROM GLOBENET FOR <u>CARIBBEAN CROSSINGS' CABLE(S) ON THE PROPERTY</u>**

Plaintiff/Counter-Defendant, South Spanish Trail, LLC ("SST"), by and through undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.510 and/or Federal Rule of Civil Procedure 56, moves for entry of partial summary judgment against Defendant/Counter-Plaintiff, Caribbean Crossings, Ltd., Inc. ("CC"), finding that CC has no agreement with Defendant/Counter-Plaintiff, Globenet Cabos Submarinos America Inc. ("Globenet") or rights granted by Globenet that would authorize CC's subject cable(s) ("CC Cable(s)") to be on SST's subject property ("Property"), and as such CC's third, sixth, seventh, tenth, eleventh, twelfth, fourteenth, sixteenth, seventeenth, eighteenth, and twenty-fourth affirmative defenses fail (in whole or part) as a matter of law, stating:

## INTRODUCTION

CC alleges that Globenet has authorized CC Cable(s) to be on the Property by virtue of a license agreement between Globenet and CC and/or pursuant to rights granted to Globenet in certain easements/consent to use easements that allegedly allow Globenet to authorize CC to use Globenet's conduits that traverse the Property. Yet no agreement has been produced (that remains in effect) that could arguably grant CC the right for the CC Cable(s) to be on the Property, nor does Globenet have the right under any easements/consent to use easements to grant such a right to CC. Therefore, summary judgment should be granted finding that CC has no agreement with Globenet or rights granted by Globenet that would authorize the CC Cable(s) to be on the Property.

In support of this Motion, SST relies upon CC's Answer, Defenses, Affirmative Defenses and Counterclaims to Plaintiff's Amended Complaint, filed October 20, 2020, and exhibits thereto

("CC Answer"), attached hereto as **Exhibit "A,"** and the License Agreement between Atlantica USA LLC and CC produced by Globenet ("License Agreement"), attached hereto as **Exhibit "B."**

## LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Fla. R. Civ. P. 1.510(c) and 1.510(d).  There are no material factual disputes here that would preclude summary judgment.  Even if some allegations of fact discrepancies were to arise, such allegations would not preclude summary judgment here because "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## ARGUMENT

**I.    CC HAS NO AGREEMENT WITH OR RIGHT GRANTED TO IT BY GLOBENET THAT AUTHORIZE THE CC CABLE(S) TO BE ON THE PROPERTY**

In the CC Answer, CC admits that "Globenet owns the fiber optics cable system used by" CC (para. 15), and that the CC Cable(s) "runs through Globenet's cable conduit and that Caribbean has no right or authorization to move or otherwise disturb Globenet's cable system (para. 34).

Referring to certain Consent to Use easements granted to Globenet and its purported predecessors in interest by the federal government ("U.S. Consents"), attached to the CC Answer as Exhibits A through C, CC further alleges that, "[p]ursuant to those rights it received from the federal government, Globenet has the right to authorize the use of its cable system to companies like Caribbean" (Affirmative Defense No. 3); *see also* Affirmative Defense No. 14 ("Pursuant to those rights, Globenet has properly authorized Caribbean to use its cable system."); Affirmative

Defense No. 18 ("The United States granted Globenet an easement in and to the Submerged Lands, pursuant to which Globenet authorized Caribbean to use the cable system.").

Similarly, referring to certain easements granted by the State of Florida to Globenet ("Florida Easements"), attached to the CC Answer as Exhibits I and J, CC also suggests that, while the Florida Easements are allegedly erroneous in that they do not cover the area where Globenet's cable system and the CC Cable(s) are actually located on the Property (*see* paras. 17 and 18), the Florida Easements can be corrected "to give Caribbean a state sovereign submerged lands easement corresponding to the as-built subterranean path traversed by Caribbean's cable through the" Property (para. 21).

Lastly, Globenet has previously produced the License Agreement between Atlantica USA LLC ("Atlantica") and CC (Ex. B), thereby suggesting that the License Agreement may authorize the CC Cable(s) to be on the Property.

**None of these documents, however, authorize (or can authorize) the CC Cables(s) to be on the Property**, and thus CC has no agreement with or right granted to it by Globenet that authorize the CC Cable(s) to be on the Property.

As to the U.S. Consents, only the consent attached as Exhibit C to the CC Answer ("2020 U.S. Consent") even covers the area where the CC Cable(s) are actually located, thus the prior two consents are of no relevance. Regardless, none of the U.S. Consents were granted to CC, and by their terms they cannot be transferred to CC absent prior written consent from the federal government. *See, e.g.*, 2020 U.S. Consent, ¶ 16. There is no such prior written consent from the federal government allowing CC to utilize the U.S. Consents for the CC Cable(s), nor is there anything in the U.S. Consents that allows Globenet to authorize the CC Cable(s) on the Property.

Moreover, the U.S. Consents can only grant rights that the federal government has, and such rights are limited to an easement for the construction, improvement, and maintenance of the Intracoastal Waterway.  *See* U.S. Consents, Whereas clauses.  Further, the U.S. Consents require consent from the owner of the underlying property owner (*i.e.*, SST), and neither SST nor the State of Florida (if the State of Florida were the owner of the underlying property, but it is not), has granted consent to Globenet or CC for the use of the Property.

As to the Florida Easements, as CC admits, they do not even cover the area where the CC Cable(s) are located on the Property, thus they cannot grant CC a right to occupy the Property with the CC Cable(s).  Moreover, even if the Florida Easements covered the area where the CC Cable(s) are located on the Property, the Florida Easements were not granted to CC, and by their terms they cannot be assigned absent prior written consent from the State of Florida.  *See* Florida Easements, ¶ 9.  There is no such prior written consent from the State of Florida assigning or allowing CC to utilize the Florida Easements for the CC Cable(s), nor is there anything in the Florida Easements that allows Globenet to authorize the CC Cable(s) on the Property.

Lastly, the License Agreement expired by its terms in October 2020.  *See* License Agreement, ¶ 2.  As an initial matter, neither Globenet nor CC has produced any assignment or other authorization to Globenet from Atlantica.  Further, there is no right to renew in the License Agreement, nor has Atlantica, Globenet, or CC produced a new license agreement to take the place of the License Agreement.  Moreover, the License Agreement requires that the CC Cable(s) be removed upon the expiration or termination of the License Agreement.  *Id.* at ¶ 4(F).

Notably, even if the License Agreement were still in effect or was renewed, it requires CC to obtain all governmental approvals needed to use the Globenet conduit, and thus CC would be required to obtain consent from the federal government by way of a Consent to Use easement prior

to construction, which necessarily also requires the consent of the underlying owner of the Property for such Consent to Use easement to be valid. *Id.* at ¶¶ 1(D) and 4. As such, CC would require SST's consent (or the State of Florida's consent if the Property were owned by the State of Florida), which CC does not have and has apparently been unable to obtain over the past several years.

Accordingly, summary judgment should be granted finding that CC has no agreement with Globenet or rights granted by Globenet that would authorize the CC Cable(s) to be on the Property, and thus CC's third, sixth, seventh, tenth, eleventh, twelfth, fourteenth, sixteenth, seventeenth, eighteenth, and twenty-fourth affirmative defenses fail (in whole or part) as a matter of law.

WHEREFORE, Plaintiff/Counter-Defendant, South Spanish Trail, LLC, hereby requests that the Court enter partial summary judgment in favor of SST and against Defendant/Counter-Plaintiff, Caribbean Crossings, Ltd., Inc.: (1) finding that CC has no valid agreement with Globenet or rights granted by Globenet (or any other entity having an interest in the Property) that would authorize the CC Cable(s) to be on the Property; (2) finding that CC cannot rely on any agreement of Globenet to occupy the Property with the CC Cable(s); (3) finding that CC has no agreement/easement with/from the State of Florida within the ICW; (4) finding that CC has no Consent to Use easement with the federal government within the ICW; (5) finding that CC's third, sixth, seventh, tenth, eleventh, twelfth, fourteenth, sixteenth, seventeenth, eighteenth, and twenty-fourth affirmative defenses fail (in whole or part) as a matter of law to the extent they rely on any agreement with and/or rights purportedly granted by Globenet; (6) requiring the immediate removal of the CC Cable(s) from the Property; and (7) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/Sacha A. Boegem
Ricardo A. Reyes, FBN 864056

        Sacha A. Boegem, FBN 0024930
        Carrie S. Robinson, FBN 354030
        TOBIN & REYES, P.A.
        *Attorneys for South Spanish Trail, LLC*
        Mizner Park Office Tower
        225 N. E. Mizner Blvd., Suite 510
        Boca Raton, FL 33432
        Phone: (561) 620-0656
        Fax:   (561) 620-0657
        eservice@tobinreyes.com
        rar@tobinreyes.com
        sboegem@tobinreyes.com
        csrobinson@tobinreyes.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of said filing to all CM/ECF participants.

        s/Sacha A. Boegem
        Sacha A. Boegem, FBN 0024930