**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NOS:  21-80728-CIV-CANNON**
**21-81206-CIV-CANNON**
**21-81207-CIV-CANNON**
**21-81208-CIV-CANNON**

**SOUTH SPANISH TRAIL, LLC,**

      **Plaintiff,**

**v.**

**GLOBENET CABOS SUBMARINOS**
**AMERICA, INC., CARIBBEAN CROSSINGS**
**LTD., INC., and JOHN DOES 1-100,**

      **Defendants.**
_____/

**SOUTH SPANISH TRAIL, LLC,**

      **Plaintiff,**

**v.**

**GLOBENET CABOS SUBMARINOS**
**AMERICA, INC., and ALL OTHERS IN POSSESSION,**

      **Defendants.**
_____/

**SOUTH SPANISH TRAIL, LLC,**

      **Plaintiff,**

**v.**

**CARIBBEAN CROSSINGS, LTD., INC.**
**and ALL OTHERS IN POSSESSION,**

      **Defendants.**
_____/

**SOUTH SPANISH TRAIL, LLC,**

      **Plaintiff,**

**v.**

**LITTLE CARDINAL, LLC, JOHN FEROLITO, SR.,**

**JOHN FEROLITO JR., and ALL OTHERS IN
POSSESSION BY AND THROUGH LITTLE
CARDINAL, LLC and/or JOHN FEROLITO, JR.,**

    **Defendants.**
_____/

**CROSS-DEFENDANT UNITED STATES ARMY CORPS OF ENGINEERS' REPLY
MEMORANDUM IN SUPPORT OF ITS OMNIBUS MOTION TO BE DROPPED AS A
PARTY, OR IN THE ALTERNATIVE, TO DISMISS CROSS-PLAINTIFF'S FIRST
<u>AMENDED CROSS-COMPLAINT AND COMPANION CROSS-COMPLAINTS</u>**

## **TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................1

II.    MEMORANDUM OF LAW ....................................................................................1

    A.    SST Is Flatly Wrong in Asserting That "the Federal Rules Do
        Not Apply" to Its Pleadings ..........................................................................1

    B.    The Response Ignores That Each Individual Crossclaim Within a
        Cross-Complaint Must Also Be Asserted Against an Existing Coparty to the Suit .........5

    C.    SST's Quiet Title Act Claim Cannot Survive.................................................5

    D.    Government Inaction Is Not a Basis for a Takings Cause of Action...............7

    E.    "Refusal to Enforce" Is Not a Basis for an Administrative Procedure Act Claim ..........8

    F.    The Response Cites No Authority for the Proposition That the
        Corps Could Not Issue the 2020 Corrected Consent to Easement
        Absent SST's Consent ....................................................................................9

    G.    The Response Unfairly "Incorporates by Reference" an Entire Separate Motion..........10

III.   CONCLUSION.....................................................................................................10

## I.  INTRODUCTION

Cross-Defendant, United States of America Army Corps of Engineers ("Corps") respectfully files this reply memorandum in support of its Omnibus Motion to be Dropped as a Party / Motion to Dismiss ("Omnibus Motion") [Dkt. 147] and in opposition to Cross-Plaintiff South Spanish Trail, LLC's ("SST") Response ("Response") [Dkt. 155].   Throughout the Response, SST makes paradoxical assertions, e.g. the 2020 Corrective Consent to Easement was issued "without notice to or consent from SST (and indeed over SST's objection)" *id*. at p. 24, and unsupported legal arguments.   The Corps respectfully suggests that the Response's inconsistent positions and dearth of authority provide no serious rebuttal to the Omnibus Motion's arguments, and therefore the Court should grand the Omnibus Motion in its entirety.

## II.  MEMORANDUM OF LAW

### A.  SST Is Flatly Wrong in Asserting That "the Federal Rules Do Not Apply" to Its Pleadings.

As detailed in the Omnibus Motion, the procedural history of these four cases is relatively simple as to the Corps' involvement.   While Case No. 9:21-cv-80728 was still pending in state court, SST filed a cross-complaint asserting one cause of action for declaratory relief pursuant to Fla. Stat. Chapter 86 against the Corps, the Florida Board of Trustees ("BOT"), and the Florida Inland Navigation District ("FIND"), and a second cause of action for slander of title against the BOT and FIND.   [Dkt. 46-4]  Upon removal to federal court, and after the Corps timely moved to dismiss [Dkt. 67], SST abandoned both of its original causes of action and filed an amended cross-complaint.   [Dkt. 106]  Simultaneously, SST filed mirror cross-complaints in three companion cases still pending in state court.   In each of its four cross-complaints directed

towards the Corps, SST asserts four causes of action based upon federal statutes, and one cause of action (Count V) that SST now concedes is non-viable.[1]

The Omnibus Motion argues that the Corps was misjoined in each of the four cross-complaints pursuant to Rule 13 of the Federal Rules of Civil Procedure.  *Id.* at III.A.1. and 2. The Response contends that because:

> "SST brought all of its claims against the ACOE (Counts I-V) while the cases were still proceeding in state court . . the federal rules do not apply to the addition of the [Corps] to the Related Cases, and SST was entitled (and required) to bring those claims under Fla. R. Civ. P. 1.170(h)."

*Id*. at 5.  This is simply wrong.  Pursuant to Rules 1 and 81(c), the Federal Rules of Civil Procedure unquestionably control at all stages of removed cases. *See Boca Raton Sailing v. Scottsdale Ins. Co.*, No. 18-cv-81236, 2019 WL 7904805 at *2 (S.D. Fla. Mar. 18, 2019) (granting motion to dismiss as "Plaintiff's contentions regarding the applicability of Florida procedural law are flatly rejected. The Federal Rules of Civil Procedure apply to a civil action after it is removed from a state court, without exception") (cleaned up); *see also Hollis v. Florida State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001) (upon removal, actions become subject to federal, rather than state, rules of procedure).  Rule 81 specifically provides that "[t]hese rules apply to a civil action after it is removed from a state court," Fed.R.Civ.P. 81(c)(1), and the Supreme Court has noted that this "expansive language contains no express exceptions." *Willy v. Coastal Corp*., 503 U.S. 131, 134 (1991).

*Jackson v. Bank of Am., N.A.*, 898 F.3d 1348 (11th Cir. 2018) provides a useful framework.  In *Jackson*, plaintiff's counsel initially filed a complaint in Alabama state court that included multiple causes of action sounding in federal law.  *Id*. at 1353.  After the defendants

---

[1] *See* Response at 29 ("conced[ing] to the dismissal without prejudice [of Count V] . . . as somewhat duplicative."   Unsurprisingly, the Response provides no countervailing authority to rebut the Omnibus Motion's argument that a "permanent mandatory injunction" is an invalid cause of action.

2

removed the case to federal court, the district court ordered the plaintiff to file an amended complaint that comported with the requirements of the Federal Rules of Civil Procedure. The district court ultimately dismissed the amended complaint with prejudice for failure to state a claim and without leave to replead as both the original and amended complaints were "shotgun pleadings" that violated Rule 8. *Id*. at 1356. On appeal, plaintiff's counsel argued the district court erred in dismissing the case because the Alabama Rules of Civil Procedure controlled as the case was originally filed in state court. The Eleventh Circuit flatly rejected this argument:

> After acknowledging that shotgun pleadings are "an issue in federal court," [plaintiff's counsel] stated, as an excuse for his behavior, that his use of shotgun pleadings had "never been an issue before" and that "they are not disfavored in Alabama courts." In other words, Alabama's state courts readily accept the sort of pleadings he files. This is no excuse here. When he brought this lawsuit in the Baldwin County Circuit Court, [plaintiff's counsel] knew that the case would be removed to federal district court because the complaint contained causes of action based on federal statutes.

*Id.* at 1360. Ultimately, the Eleventh Circuit affirmed the judgment of the district court.

The Response also argues that the Corps was not a "stranger to the litigation" when its crossclaims were asserted, and therefore, the case law cited in the Omnibus Motion is inapplicable. Response at p.1. Again, this is simply wrong. The Corps was decidedly *not* a party to the action at the time SST filed its pleadings in the -81026, -81027, and -81028 cases. And, which respect to the -80728 case, it is absurd to suggest that by filing – and then immediately abandoning – a meritless cross-complaint against a non-party (as SST did by suing a federal agency under a state statute in state court) SST is permitted to leap-frog past the procedural protections of Rule 13 via an amended cross-complaint. As a general matter, "an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam); *see also*

*Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that the filing of an amended pleading renders the previous pleading a "legal nullity").  Regardless, the Omnibus Motion cites to several cases with procedural histories which are analogous to the instant matter, i.e. after removal to federal court, dismissal of an improperly joined counter- or cross-defendant. *See Gen. Prop. Constr. Co. v. Empire Office, Inc.*, No. 18-cv-23688, 2019 WL 2992172 (S.D. Fla. July 9, 2019); *Incarcerated Entm't, LLC v. Cox*, No. 18-cv-21991, 2019 WL 8892619 (S.D. Fla. Apr. 17, 2019); *U.S. Agric. Processors Mktg. Serv., Inc. v. Quinonez Hermanos, S.A.*, 73 F.R.D. 87 (S.D. Fla. 1976).

Regardless, even if Fla. R. Civ. P. 1.170(h) applied in this case (which it decidedly does not), joinder of the Corps via crossclaim would still have been improper under the Florida Rules. Under Fla. R. Civ. P. 1.170(h),[2] a defendant cannot assert a crossclaim against only a non-party and no other codefendant.  "[S]imply calling a pleading a "cross-claim" does not make it one." *Lindahl v. Laralen Corp.*, 661 So.2d 412, 414 (Fla. 4th DCA 1995).  Additionally, Fla. R. Civ. P. 1.170(h) only permits additional parties to be brought in via crossclaim if "joinder will not deprive the court of jurisdiction of the action."  It is axiomatic that the Corps, as an agency of the United States government, cannot be sued in state court.  *See* U.S. Const. art. III, § 2. SST's attempted joinder of a federal agency via causes of action sounding in the U.S. Constitution and federal statutes unquestionably deprived the state court of jurisdiction, as evidenced by the Corps' removal of all four cross-complaints to federal court.  *See Musa v. Wells Fargo Del. Tr. Co.*, 181 So.3d 1275, 1276 (Fla. 1st DCA 2015), citing *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254-55 (11th Cir. 1988) ("[A]fter removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case.").  SST's

---

[2] Fla. R. Civ. P. 1.170 was taken "nearly verbatim" from  Fed. R. Civ. P. 13(h).  *See Brady v. P3 Grp. (LLC)*, 98 So. 3d 1206, 1210, fn. 7 (Fla. 3d DCA 2012).

attempted joinder of the Corps via crossclaim was invalid, regardless of whether viewed through the lens of Fed. R. Civ. P. 13 (which controls) or Fla. R. Civ. P. 170 (*which* *does* *not* *control*).

### B. The Response Ignores That Each Individual Crossclaim Within a Cross-Complaint Must Also Be Asserted Against an Existing Coparty to the Suit.

The Response cites no countervailing authority to the Omnibus Motion's argument that *each* individual crossclaim within a cross-complaint must *also* be asserted against an existing coparty. *See CreditMax Holdings, LLC v. Kass*, No. 11-cv-81056, 2012 WL 12854879, at *2-3 (S.D. Fla. July 24, 2012) (dismissing for improper joinder all counterclaims brought solely against third-party counterclaim defendants); *see also Palisades Collections LLC v. Shorts*, No. 07-cv-098, 2008 WL 249083, at *3 (N.D.W. Va. Jan. 29, 2008) ("It is well established that joinder under Rule 13(h) may only be invoked if a new party is being joined with an existing party in a counterclaim or cross-claim that lies against both the new and existing parties."); *Bonumose Biochem LLC v. Zhang*, No. 17-cv-33, 2018 WL 3733651, at *26 (W.D. Va. Aug. 6, 2018) (striking as "faux counterclaims" all counterclaims that were asserted solely against new parties). The Response fails to address, and therefore concedes, this point. *See, e.g.*, *Barboza v. Drummond Co., Inc.*, No. 06-cv-61527, 2007 WL 9701028, at *2 (S.D. Fla. Nov. 20, 2007) ("when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.") Counts II – V should be dismissed outright for improper joinder. If, on separate grounds, the Court disposes Count I as to either the Corps or the BOT, then the Corps should be entirely dropped as a party.

### C. SST's Quiet Title Act Claim Cannot Survive.

The Omnibus Motion argues that the statue of limitations for any potential Quiet Title Act ("QTA") claim began to run in 1935 – the date the United States obtained its easement.

Omnibus Motion at III.B.5. The Response argues that the 2020 Corrected Consent to Easement restarts the statute of limitations because it "is far beyond the scope of the Federal Easement." Response at p.20. This is identical to the failed argument made by plaintiff in *NE 32nd St., LLC v. United States*, 896 F.3d 1240 (11th Cir. 2018),[3] who argued that "adversity arose only in 2013 when the government issued a conservation permit that is in tension with the 1938 easement." *Id.* at 1244. Just as in that case, where the appellate court determined that "the 2013 permit did nothing to 'expand' the 1938 easement," *id.*, so too here the 2020 Corrective Consent to Easement does nothing to "expand" the 1935 easement. As argued in the Omnibus Motion, this case is a "classic example" of a pleading's allegations being directly contradicted by the attached exhibits. *Id.* at III.C.2. The litany of paragraphs pulled from SST's First Amended Cross-Complaint (Response at p.10-12) are simply legal conclusions about the effect of the document.

More broadly, the Response posits that the Omnibus Motions' arguments directed towards the 2020 Corrective Consent to Easement's language are "relatively meritless as they are focused solely on the terms of the 2020 Consent itself and are not directed to the core allegations against the [Corps], which concerns the [Corps'] issuance of and failure to enforce the 2020 Consent…" Response at p.12. The Response also argues that "the [Corps] cannot rely on the terms of the 2020 Consent as a defense…"[4] *Id.* at p.21. There is no merit to SST's argument that it is inappropriate to resolve the terms and scope of the 2020 Corrective Consent to Easement via motion to dismiss. "Questions of contractual interpretation are pure questions of law." *BioHealth Med. Lab., Inc. v. Cigna Health & Life Ins. Co.*, 706 F. App'x 521, 523 (11th Cir. 2017). Moreover, the Eleventh Circuit has explicitly stated where "a motion to dismiss raises

---

[3] It bears noting that the plaintiff corporation in *NE 32nd Street, LLC* shares the same owner as the plaintiff corporation in the instant litigation – William Swaim.

[4] Which begs the question: without first considering the 2020 Corrective Consent to Easement's terms, how can the Court rule on whether the Corps failed to enforce the document's terms?

only questions of law, [it] should be resolved before discovery begins." *Harvin v. Nationwide Title Clearing*, 632 F. App'x 599, 601 (11th Cir. 2016). Similarly, the terms and scope of the 2020 Corrected Consent to Easement raises questions of law that can, and should, be decided by the Court on a motion to dismiss. *Cf.* Response at p.23 ("SST has brought a constitutional claim founded upon a contract"). Therefore, this Court is perfectly suited to rule at the motion to dismiss stage on whether the terms of the 2020 Corrected Consent to Easement alter the scope of the 1935 Condemnation Easement, and thus whether SST has stated a claim against the Corps.

**D. Government Inaction Is Not a Basis for a Takings Cause of Action.**

The Response repeatedly couches its claims on a predicate that the Corps is "allowing Globenet to use the Federal Easement" and "allow[ing] Little Cardinal to maintain its docks" by "failing to enforce / refusing to enforce" the terms of the 2020 Corrective Consent to Easement. Response at p.2-3. Yet the Response proffers no authority for the contention that government inaction constitutes a Fifth Amendment taking. To the contrary, it is well-settled that the government's failure to act or to perform its duties, or the government's delay in acting, cannot constitute a taking. *See, e.g., St. Bernard Par. Gov't v. United States*, 887 F.3d 1354, 1357 (Fed. Cir. 2018) (holding that "the government cannot be liable on a takings theory for inaction"); *Valles v. Pima Cnty.*, 776 F. Supp. 2d 995, 1003 (D. Ariz. 2011) (discussing plaintiffs' failure to cite to any case law that supports the proposition that government inaction can amount to a taking). The Corps' alleged failure to enforce the terms of the 2020 Corrective Consent to Easement, thereby "allowing" actions taken by private companies acting in their private capacity – and not as agents of the government – is properly characterized as inaction, and so cannot constitute a taking. *See, e.g. Alves v. United States*, 133 F.3d 1454, 1456 (Fed. Cir. 1998) (finding inaction of Bureau of Land Management in abating private trespassers could not

constitute taking); *Boston Taxi Owners Ass'n v. City of Boston*, 84 F. Supp. 3d 72, 81 (D. Mass. 2015) (finding Boston's failure to enforce taxicab regulations could not constitute a taking).

    **E. "Refusal to Enforce" Is Not a Basis for an Administrative Procedure Act Claim.**

    Section III.C.4. of the Omnibus Motion argues that "SST cannot bring an Administrative Procedure Act ("APA") claim to compel the Corps to take affirmative action, i.e. revocation or enforcement, that it is not legally required to take." Omnibus Motion at p.29. The Response posits that the Corps' "failure to enforce the 2020 Consent, and/or to revoke RHA permits issued to Globenet and Caribbean" violated the RHA.  Response at p.28.  SST likens this case to *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021), which arose from California regulations which granted labor organizations a "right to take access" to an agricultural employer's property in order to solicit support for unionization.  Notably, *Cedar Point Nursery* was not an APA case. Also, the 2020 Corrective Consent to Easement, by its very terms, grants no access rights to the submerged property in excess of the United States' interest, nor does it "relieve the Grantee from the necessity of obtaining grants from the owners of the fee and/or other interests."  *See* Dkt. 106-8.  In reality, the controlling case is *Heckler v. Chaney*, 470 U.S. 821 (1985), wherein the Supreme Court explained that under the APA, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Id.* at 831. Unless Congress has provided "meaningful standards for defining the limits of that discretion," the APA does not permit the courts to interfere.  *Id.* at 834; *see also South Fork of the Eel River Envtl. League v. United States Army Corps of Eng'rs*, No. 96-cv-3983, 1997 WL 351087, at *9 (N.D. Cal. June 17, 1997) (APA claim against the Corps premised upon failure to enforce Clean Water Act permits dismissed for lack of jurisdiction); *Boll v. United States Army Corps of Eng'rs*, 255 F. Supp. 2d 520, 527-28 (W.D. Pa. 2003) (dismissing for lack of jurisdiction APA claim seeking revocation of permits issued pursuant to

the RHA by the Corps for the construction of a recreational marina by private developer, as "the Corps' decision whether to enforce a permit under the RHA . . . was a discretionary decision and therefore beyond judicial review.") (citing *Harmon Cove v. Marsh*, 815 F.2d 949, 954 (3d Cir. 1989). In *Harmon Cove*, a condominium association brought an action to compel the Corps to enforce a permit the Corps had issued to developers. The issue before the court was if the Corps' decision whether to enforce a permit under the RHA was a discretionary decision and therefore beyond judicial review. The court held that the RHA contained no guidelines for the Corps to follow in choosing to initiate enforcement activity, or that limited the Corps' discretion to enforce compliance with the terms of the permit. *Id*. at 952-53. The Court of Appeals concluded that the Corps had the discretion to make enforcement decisions, that these decisions were beyond judicial review, and that plaintiffs were not entitled to mandamus relief on their claims.

### F.   The Response Cites No Authority for the Proposition That the Corps Could Not Issue the 2020 Corrected Consent to Easement Absent SST's Consent.

The Response repeatedly makes the following paradoxical factual assertions: the Corps issued the 2020 Corrective Consent to Easement "over SST's objection / without SST's notice or consent." [5] Response at p.2, 24. SST then argues that the Corps could not issue the 2020 Corrective Consent to Easement under this contradictory premise. Yet the Response cites no authority supporting its argument.  Indeed, none exists.  As detailed in the Omnibus Motion, "The [RHA] contains no requirement that the Secretary of the Army obtain the consent of the landowner as a factor for determining what is injurious to the public interest."   Omnibus Motion at p.30.  Furthermore, the controlling regulation explicitly states that any "dispute over property ownership will not be a factor in the Corps public interest decision." 33 C.F.R. § 320.4(g)(6); *see also Consol. Grain & Barge, Inc. v. Anny*, No. 11-cv-2204, 2012 WL 530540, at *8 (E.D. La.

---

[5] SST could not have objected to the 2020 Consent and, simultaneously, not have notice of it.

Feb. 14, 2012) (dismissing APA challenge for failure to state a claim, as "any dispute regarding ownership of land is not factored into the Corps' decision whether or not to issue a permit.")

The Response is *still* silent as to how the 2020 Corrective Consent to Easement could possibly apply to Little Cardinal. The Corps should be dismissed from the -81208 on this basis alone. *Brady v. Medtronic, Inc.*, No. 13-cv-62199, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.") (cleaned up)

### G.  The Response Unfairly "Incorporates by Reference" an Entire Separate Motion.

Twice in its Response, SST "incorporates…by reference, in its entirety, SST's response to the Motion to Remand [Dkt. 152]." Response at n. 8 and n. 37.  This is wholly improper, as doing so "foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced while permitting the movant to circumvent this Court's page limit requirement." *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012), *aff'd in part*, 505 F. App'x 928 (11th Cir. 2013); *see also Angell v. Allergan Sales, Ltd. Liab. Co.*, No. 18-cv-282, 2018 U.S. Dist. LEXIS 182381, at *2 (M.D. Fla. Oct. 24, 2018) (striking response brief which incorporated by reference arguments from prior briefing as violative of local rules page limit requirement).

### III. CONCLUSION

For the foregoing reasons, the Corps respectfully requests that this Court grant this motion in all respects, and drop or dismiss the Corps as a party due to improper joinder. Alternatively, the Corps respectfully requests that the Court dismiss SST's First Amended Cross-Complaint and three related Cross-Complaints in their entireties, either for lack of subject matter jurisdiction or for failure to state a claim.

Date: September 17, 2021                     Respectfully submitted,

                                            JUAN ANTONIO GONZALEZ
                                            ACTING UNITED STATES ATTORNEY

                              By:     */s/  John S. Leinicke*
                                            JOHN S. LEINICKE
                                            ASSISTANT UNITED STATES ATTORNEY
                                            Fla. Bar. 64927
                                            99 N.E. 4th Street, 3rd Floor
                                            Miami, Florida 33132
                                            Tel: (305) 961-9212
                                            Fax: (305) 530-7679
                                            Email: john.leinicke@usdoj.gov

11