UNITED STATES DISTRICT COURT
IN AND FOR SOUTHERN DISTRICT
OF FLORIDA.
MIAMI DIVISION. NO. 793- M
U. S. CIVIL

UNITED STATES OF AMERICA,

   Petitioner,

-vs-

PARCEL 8, SHEET 11, of the
RIGHT OF WAY INTRACOSTAL
WATERWAY FROM JACKSONVILLE
TO MIAMI FLORIDA (Palm Beach
County) JAMES O'CONNER, et al,

   Defendants.

A N S W E R

FILED
MIAMI, FLA.
SEP 15 1933
DEPUTY CLERK

  NOW COMES, William J. Southam, one of the Defendants herein by and through his undersigned attorney and responding to the notice issued herein, wherein the Petitioner seeks condemnation of and an Easement on the lands in said Petition described, answering says:

  1: That at the time of the commencement of this action and at all times since and now, the said defendant William J. Southam, is and was the true and lawful owner of the fee-simple title to the following described lands, situate in Broward County, State of Florida, and more particularly described as follows:

> That part of Lots Three (3) and Four (4), Boca Ratome Par La Mar, a subdivision in Section Twenty-nine (29), Township Forty-seven (47) South, Range Forty-three (43) East, Palm Beach County; Florida; according to the Plat thereof recorded in Plat Book 11, at Page 67; of the Public Records of said County; lying West of the Easterly right of way line of the Intracoastal Waterway from Jacksonville, Fla. to Miami, Fla., and described as follows:

> Commence at the Northeast corner of said Section Twenty-nine (29), for a point of reference; run thence, along the North boundary of said Section Twenty-nine (29), South Eighty-nine degrees, Twenty minutes, Twenty-three seconds West (S 89 - 20' - 23'' West), Nine hundred fifty-four and Twenty-two hundredths (954.22) feet, to and thence along said Easterly right of way line; intersection with said Easterly right of way line; South No degrees, Thirty-nine minutes, Thirty-seven seconds East (S 00 - 39' - 37'' E), One hundred Eighty-eight and No hundredths (188.00) feet, to an intersection with the North boundary of said Lot Three (3), for a point of beginning:

> From said point of beginning, continue along said Easterly right of way line, South No degrees, Thirty-nine minutes, Thirty-seven seconds, East (S 00 - 39' -37'' E), One hundred Twenty and No hundredths (120.00) feet, to an intersection with the South boundary of said Lot Four (4); THENCE, along said South boundary, South Eighty-nine degrees, Twenty minutes, Twenty-three seconds West ( S 89 - 20' 23" W), One hundred Thirty-five and fifty-one hundredths (135.51) feet, to am intersection with the center line of the existing Florida East

Coast Canal; THENCE, Northerly and Westerly following the meander of said center line, said meander being substantially described by courses and distances as follows, to wit: North Seven degrees, Thirty-three minutes, Forty-one seconds West (N 07 - 33' - 41" W), One hundred Twenty and Eighty-eight hundredths (120.88) feet, to an intersection with the North boundary of said Lot Three( 3); THENCE, along said North boundary, North Eighty-nine degrees, Twenty minutes, Twenty-three seconds East (N 89 - 20' - 23" E), One hundred Fifty and Three hundredths (150.03) feet, to the point of beginning.

Excluding from the Property thus described any portion of portions of that certain Waterway and right of way thereto pertaining, conveyed in the Deed from the Florida Canal and Transportation Company to the United States of America, recorded in the Public Records of Palm Beach County, Florida, in Deed Book 443, Page 430, that may be included in the above description, together with the balance of the said lots 3 and 4.

2: That said lands hereinabove described are, or a part thereof is, part of the land in said petition described and sought to be condemned or an Easement sought thereon or thereover.

3: Further answering said petition and every paragraph thereof this defendant says that he purchased said described premises on or about the _15th_ day of May, A. D. 1931, at a sacrific cash price; of $_2000.00_, and that said property is of a value much greater than the said purchase price; and that the taking of that portion of the said property herein sought to be condemned and or an easement of the same, will greatly damage the remaining part of said property inasmuch as over two-thirds (2/3) of the said property, which is approximately 60 x 155 feet, will be taken of the said petition is allowed, and will leave the balance of the said property not so taken wholly worthless to this defendant; that the taking of the Easement sought over said land will make it impossible for the said defendant to use said property for resident purposes, as he had desired, or to sell the property for anything of value, if at all.

4: Further answering said Petition this defendant says that if the Petitioner desires to condemn and take a part of said land herein described and belonging to this defendant, or desires to have the Easement in said petition sought upon or across said land or the part thereof desired, he is entitled to be compensated by the Petitioner in the Proportion that the said property has been damaged, not merely in the proportion that the land taken bears to the remaining or the whole of said property or this defendant; that he is entitled in the event Petition prevails, to be compensated by said Petitioner for all such losses and damages as he

shall sustain by the taking of the property belonging to him, in said petition sought to be appropreated, and taken or used and said defendant gerein and gereby, claims damages therefor, and in addition thereto this defendant claims all damages sustained or which this defendant will sustain if said petition be granted.

5: This defendant further avers that he has had to employ an attorney to represent him in these proceedings and that he did employ his undersigned attorney; that he is entitled to reasonable compensation for his attorney herein, and that such reasonable fee should be assessed by the jury in this cause as provided by law and that he is entitled to all such other and further expenses as he shall suffer by reason of the bringing of this proceeding and the taking of appropriating of that part of his property sought to be appropriated or taken.

6: This defendant further says that in addition to the loss to him figuring the purchase price paid by him for the said property, that he is entitled to a reasonable rate on his investment and the costs of upkeep and taxes by him expended on said property since he acquired the same, together with the natural increase in the value of his investment.

WHEREFORE, this defendant prays in the event this Petitioner should fail to obtain said property that it be required to fully pay and compensate this defendant for all losses, damages, costs, and expenses which he shall suffer by reason thereof.

*William J. Southam*
Defendant.
By *H. D. Gates*
Resident Agent
& Atty. in Fact.

*Jack Moor*
Attorney for Defendant,
William J. Southam.

STATE OF FLORIDA

COUNTY OF DADE

On this day personally appeared before me the undersigned authority, duly authorized by law to administer oaths, H. D. Gates, who after being by me first duly sworn deposes and says that he is the resident agent *who is at present outside the state of Florida* and attorney in fact of the defendant, William J. Southam, and as such has full knowledge and authority to make this affidavit; that he has read the same and that the allegations therein contained are true except those based on information and beliefs, which he believes to be true.

_____ *H. D. Gates*

Sworn to and subscribed before me this the 13th day of Sept A. D. 1933.

_____ *W. O. Walton*

Notary Public, State of Florida at Large
My Commission expires Mar. 16, 1934

IN THE UNITED STATES DISTRICT
COURT IN AND FOR SOUTHERN DISTRICT
OF FLORIDA - MAIMI DIVISION.

UNITED STATES OF AMERICA,
                Petitioner.

vs

PARCEL NO. 8, SHEET 11, ETC.
JAMES O'CONNER, et al.

* * * * * * * * * * * * * * * * * *

A N S W E R of
DEFENDANT WILLIAM J. SOUTHAM
* * * * * * * * * * * * * * * * * * *

JACK MOORE
619 SAFE DEPOSIT BLD.
MIAMI, FLORIDA
ATTORNEY FOR DEFENDANT.